UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62570-BLOOM/Valle

JOANN BACHEWICZ,

    Plaintiff,

v.

JETSMARTER, INC., DREW DOIDGE,
and JOHN DOES 1-4,

    Defendants.
_____/

# ORDER ON MOTION FOR STAY

**THIS CAUSE** came before the Court on Defendants' Motion For Stay of Initial Disclosure and Related Discovery Obligations, ECF No. [28] (the "Motion to Stay"). In the Motion to Stay, Defendants request that the Court enter an Order staying discovery pending resolution of their Verified Motion to Dismiss or Stay and Compel Arbitration. *See* ECF No. [9] ("Motion to Compel"). For the reasons set forth below, Defendant's Motion to Stay is granted.

Plaintiff filed the instant action against Defendants arising from Plaintiff's purchase of a membership in Jetsmarter, a company that provides air transportation as an alternative to commercial carriers or private jet ownership. In the Complaint, Plaintiff asserts numerous claims, including breach of contract. In the Motion to Compel, Defendant claims that under Plaintiff's membership agreement, this case must be submitted to arbitration. *See* ECF No. [9]. In addition, this case is similar to another case pending before the Court, *Laine v. Jetsmarter, Inc.*, No. 18-cv-62969, in which the Court already granted a request to stay the parties' initial pretrial and discovery obligations until after disposition of a similar motion to compel arbitration.

Given the pendency of the Motion to Compel, Defendants ask the Court to stay discovery and all discovery-related obligations within the Court's Scheduling Order, ECF No. [24], until such time as the Court has entered a ruling on the Motion to Compel. *See* ECF No. [28]. Plaintiff opposes a stay.

Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion," which includes Defendants' Motion to Compel. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290-CIV-KING, 2002 WL 34576251, at *1 (S.D. Fla. Feb. 5, 2002), aff'd sub nom. *Foster v. Sun Int'l*, 54 F. App'x 691 (11th Cir. 2002)). In deciding whether to grant a stay, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). Under the particular circumstances present here, and the stay previously granted in *Laine*, the Court determines that a stay is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay, **ECF No. [28]**, is **GRANTED**.
2. All discovery, **including scheduled deadlines and hearings,** shall be **STAYED,** pending resolution of Defendants' Motion to Compel, ECF No. [9].
3. If resolution of Defendants' Motion to Compel does not dispose of all claims before the Court, the stay shall be lifted upon entry of the Court's order on the Motion to Compel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of February, 2019.

						_____
						**BETH BLOOM**
						**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record